**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIA F. WALLACE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0858-M (BK)** |
| | § | |
| **PARAMOUNT MULTISERVICES INC./** | § | |
| **RESULTS TECHNOLOGY, INC.,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the District Court summarily dismiss this case as frivolous.

## I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this employment discrimination action against her former employer, Paramount Multiservices Inc./Results Technology Inc., under Title VII. To obtain information about the factual basis of her complaint, the Court issued a questionnaire requiring Plaintiff to identify each type of discrimination – namely race, sex, age, religion, or national origin – that she believed was involved in the decision to terminate her employment.

In her answer to the questionnaire, Plaintiff alleges Defendant laid her off and later called her back to work; but when Plaintiff returned to the workplace, her supervisor informed her that the "Company was closing in the United States and relocating to the Phillippines." (Doc. 8, Answer 4). Plaintiff stated that she subsequently filed for unemployment benefits, which were

denied because she had been fired, not laid off.  (*Id.*).  In support of her discrimination claim, Plaintiff further alleges she is entitled to "overtime pay" and "TAA benefits."  (Doc. 8, Answer 5.)

## II.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

### A.      Title VII

Title VII of the Civil Rights Act of 1964 – 42 U.S.C. § 2000e-2(a)(1) – makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  *See Bauer v. Albemarle Corp.,* 169 F.3d 962, 966 (5th Cir. 1999) (to establish a *prima facie* case under Title VII, plaintiff must prove that she is a member of a protected class, she was qualified for the position that she held, she was discharged, and after her discharge was replaced with a person who is not a member of the protected class).

Plaintiff's allegations provide no facts to support a cause of action on the basis of race, color, religion, sex, or national origin under Title VII.  (Doc. 2 at 1; Doc. 8, Answer 4-5.)

Plaintiff merely asserts that Defendants fired her and denied her benefits, not that Defendants discharged her on account of her race, sex, age, religion, or national origin. In the absence of a claim actionable under Title VII, Plaintiff's complaint lacks an arguable basis in law and should be dismissed as frivolous. *See Allen v. U.S. Postal Service*, 1993 WL 4523, *1 (5th Cir. 1993) (unpublished, *per curiam*) (affirming *sua sponte* dismissal of complaint as frivolous because complaint and answers to questionnaire failed to allege discrimination on the basis of race, sex, age, religion, or national origin).

## B. Supplemental Jurisdiction

To the extent Plaintiff seeks to rely on Texas law, the District Court should decline to exercise supplemental jurisdiction over her state claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** the complaint with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED June 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE